BRUCE I. TURNER and BARBARA S. TURNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turner v. Commissioner
Docket No. 8410-76.
United States Tax Court
T.C. Memo 1978-165; 1978 Tax Ct. Memo LEXIS 348; 37 T.C.M. (CCH) 722; T.C.M. (RIA) 780165; May 2, 1978, Filed *348 Petitioner, a fourth year resident, received monies for services rendered. Held, characterization of such monies as an educational stipend by Louisiana R.S. 46:922 does not require their treatment as proceeds from a scholarship or fellowship within the purview of Federal income tax laws, sec. 117. Myron A. Ellis, for the petitioners. Dean F. Chatlain, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent, on June 28, 1976, issued *349 a statutory notice in which he determined deficiencies in petitioners' Federal income taxes for their taxable years 1972 and 1973 in the amounts of $289.39 and $378,34, respectively. The sole issue for our determination is whether the characterization by Louisiana R.S. 46:922 of monies received for services rendered while a fourth year resident as an educational stipend will cause exclusion of such amounts under section 117, I.R.C. 1954. This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure; hence all of the facts have been stipulated and are so found. Petitioners, Bruce I. and Barbara S. Turner, husband and wife, resided in Nashville, Tennessee on the date of filing of the petition herein. They filed their joint income tax returns for the calendar years 1972 and 1973 with the internal revenue service center at Austin, Texas. Barbara S. Turner is a party to this action only because she joined in the filing of these returns and, accordingly, Bruce I. Turner will hereinafter be referred to as petitioner. Petitioner graduated from Tulane Medical School in June of 1967. From July 1, 1972 to June 30, 1973 he was a fourth year resident in the Department *350 of Urology at Charity Hospital of New Orleans, Louisiana. As a resident at Charity Hospital petitioner studied under the supervision of a specialist in urology in order to further and perfect his studies and technique as a urologist. Petitioner was paid certain sums of money by Charity Hospital to enable him to complete his training as a urologist and to compensate him for various services rendered. Charity Hospital is a state owned hospital operated to provide medical treatment for the citizens of Louisiana. The primary objective of the hospital is to provide treatment and care for sick and indigent citizens. Most, but not all, of the patients are indigent. Charity Hospital is also a teaching facility that is affiliated with both the Tulane University Medical School and the Louisiana State University Medical School. After passage of Act number 581 on July 12, 1972, Louisiana R.S. 46:922, petitioner was paid bimonthly in two checks with one check designated as a stipend. No social security, Federal or state income taxes were withheld from the gross amount of the check designated as the stipend. The gross amount of the two checks from Charity Hospital equaled the gross amount *351 paid to petitioner prior to the enactment of Act No. 581. Petitioners excluded from their gross income $1,523.06 and $1,859.20 in 1972 and 1973, respectively, as a "stipend" under section 117. Respondent determined that the above amounts represented compensation for services rendered by petitioner to Charity Hospital, and that the amounts were includible in gross income during 1972 and 1973. Petitioner relies on Louisiana R.S. 46:922 as the legal basis for excluding the amounts at issue from gross income. The parties stipulate that the amounts at issue in this case would not have been contested by the petitioner, except for Louisiana R.S. 46:922, as applied to section 177 and the various court decisions applicable thereto. Petitioner claims that the portion of his income characterized as "stipends" by Louisiana R.S. 46:922 [1] should be excluded from gross income by application of section 117. *352 Section 117 provides that amounts received as a scholarship or fellowship grant are excludable from gross income. A precondition to the applicability of section 117 is a determination that the amounts is issue are encompassed by the terms "scholarship" or "fellowship grant." Reese v. Commissioner,45 T.C. 407, 413 (1966), affd. per curiam 373 F.2d 742 (4th Cir. 1967). The Code does not furnish a definition for these terms. However, the Income Tax Regs. define the terms in a manner that comports with their ordinary usage. [2]Bingler v. Johnson,394 U.S. 741, 751 (1969). These regulations provide that such grants have no "strings" or requirements of a quid pro quo. Bingler v. Johnson,supra.
*353 We have repeatedly found that amounts paid to residents of Charity Hospital of New Orleans are compensatory in nature in spite of the enactment of Louisiana R.S. 46:922. E.g. Haygood v. Commissioner,T.C. Memo. 1977-71. Petitioner contends that such cases should be disregarded because they are based on a decision which has since been overruled. That decision, Helvering v. Stuart,317 U.S. 154, 161 (1942) found Federal revenue laws to have supremacy over state laws. We do not find that Helvering v. Stuart,supra, has been overruled. The cases petitioner has cited as support do not involve Federal revenue laws or the supremacy of such laws, but the constitutionality of a given state law. [3] Herein the constitutionality of Louisiana R.S. 46:922 is not in issue. *354 The Supreme Court in Helvering v. Stuart,supra at 162, elucidated the integration of Federal revenue laws and state law by explaining that state law creates legal interests and rights while Federal law designates which interests and rights are to be taxed. Thus, the characterization provided by Louisiana R.S. 46:922 is not biding for purposes of determining taxability. See Wolder v. Commissioner,58 T.C. 974, 979 (1972), revd. on other grounds 493 F.2d 608 (2d Cir. 1974), cert. den. 419 U.S. 828 (1974). To hold otherwise would permit state legislatures to define taxable income for purposes of Federal taxation. The parties stipulated that the amounts were paid to petitioner "to enable him to complete his training as a urologist, and to compensate him for various services rendered." Because these amounts were paid in return for services rendered they are correctly characterized as compensatory in nature and are not excludable under section 117. Haygood v. Commissioner,supra.
Decision will be entered for the Respondent . Footnotes
1. Section 1. Section 922 of Title 46 of the Louisiana Revised Statute of 1950 is hereby enacted to read as follows: Sec. 922. Stipends received by interns and residents Any funds paid to any graduate of a recognized medical school or college who is serving as an intern or resident of any charity hospital of this state shall be deemed to be stipends granted for the purpose of furthering the education and training of the recipient; provided, however, that no funds in excess of three hundred dollars per month multiplied by the number of months in a taxable year shall be deemed to be a stipend.↩
2. Sec. 1.117-3(a). Scholarship. A scholarship generally means an amount paid or allowed to, or for the benefit of, a student, whether an undergraduate or a graduate, to aid such individual in pursuing his studies. The term includes the value of contributed services and accommodations * * * and the amount of tuition, matriculation, and other fes which are furnished or remitted to a student to aid him in pursuing his studies. The term also includes any amount received in the nature of a family allowance as a part of a scholarship. * * *
(c) Fellowship grant. A fellowship grant generally means an amount paid or allowed to, or for the benefit of, an individual to aid him in the pursuit of study or research. The term includes the value of contributed services and accommodations * * * and the amount of tuition, matriculation, and other fees which are furnished or remitted to an individual to aid him in the pursuit of study or research. The term also includes any amount received in the nature of a family allowance as a part of a fellowship grant. * * * Sec. 1.117-4. The following payments or allowances shall not be considered to be amounts received as a scholarship or a fellowship grant for the purpose of section 117: * * *
(c) Amounts paid as compensation for services or primarily for the benefit of the grantor. (1) * * * any amount paid or allowed to, or on behalf of, and individual to enable him to pursue studies or research, if such amount represents either compensation for past, present, or future employment services or represents payment for services which are subject to the direction or supervision of the grantor. (2) Any amount paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research primarily for the benefit of the grantor. However, amounts paid or allowed to, or on behalf of, an individual to enable him to pursue studies or research are considered to be amounts received as a scholarship or fellowship grant for the purpose of section 117if the primary purpose of the studies or research is to further the education↩ and training of the recipient in his individual capaacity and the amount provided by the grantor for such purposes does not represent compensation or payment for the services described in subparagraph (1) of this paragraph. [Emphasis supplied.]
3. Meyer v. Nebraska,262 U.S. 390 (1923). State law forbidding the teaching of a foreign language in elementary schools. Ferguson v. Skrupa,372 U.S. 726 (1963). State law forbidding the business of "debt adjusting" except as an incident to the practice of law. Colorado Comm'n v. Continental,372 U.S. 714 (1963). State law forbidding race discrimination with regard to employment. McDonald v. Board of Education,394 U.S. 802 (1969). State law allowing absentee balloting which omitted unsentenced inmates of county jail. Kahn v. Shevin,416 U.S. 351↩ (1974). State statute allowing a widow's property tax exemption.